IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ALICE JEAN HOLTZAPFEL and
EVERETT R. HOLTZAPFEL,

          Plaintiffs,

v.                                 CIVIL ACTION NO. 5:06-cv-00591

FORD MOTOR COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, and for attorney's fees [Docket 41]. For the reasons stated herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

*I. FACTUAL BACKGROUND*

In this action, Plaintiffs claim that they suffered damages in an automobile accident which occurred on March 3, 2004. Plaintiffs further claim that Defendant is liable for their damages because the car they were driving, which Defendant manufactured, was sold to them in a defective condition.

*II. PROCEDURAL HISTORY*

The instant motion concerns Plaintiffs' failure to properly participate in discovery. This issue was first addressed in Magistrate Judge VanDervort's Order entered April 11, 2007. In his Order, the magistrate judge found that Plaintiffs had not responded to Defendant's First Set of Interrogatories and Requests for Production of Documents served on November 2, 2006 (hereinafter

Defendant's Interrogatories), granted Defendant's Motion to Compel, and ordered Plaintiffs to respond to Defendant's Interrogatories by April 25, 2007. Magistrate Judge VanDervort also ordered Plaintiffs to respond to Defendant's request for attorney's fees incurred in preparing the Motion to Compel,[1] and for Defendant to file an itemized statement of the costs associated with preparing the Motion to Compel, by April 21, 2007.

Plaintiffs failed to respond to Defendant's Interrogatories by April 25, 2007. Likewise, Plaintiffs failed to respond to Defendant's request for attorney's fees by April 21, 2007. Defendant's counsel timely submitted an itemized statement of costs incurred in preparing the Motion to Compel.

On May 16, 2007, Defendant filed the instant Motion to Dismiss, or in the alternative for Summary Judgment, and for attorney's fees. The Court notes that, in an apparent response to Defendant's Motion to Dismiss, Plaintiffs responded to Defendant's Interrogatories on May 23, 2007, nearly one month after the date required by Magistrate Judge VanDervort's Order.

Finally, the docket indicates that Defendant served Requests for Admission on Plaintiffs on December 29, 2006. Plaintiffs have not responded to those requests to date.

## II. DISCUSSION

*A. Failure to Respond to Interrogatories*

Based on Plaintiffs' failure to respond to its Interrogatories as required by the Court, Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Fed. R. Civ. P. 41(b). Rule 37(b)(2)(C) provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide . . . discovery . . . the court . . . may make . . . [a]n order . . . dismissing the action[.]" Rule

---

[1] Plaintiff was given an opportunity to be heard on Defendant's request for attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4)(A).

41(b) provides, in relevant part, that, "[f]or failure of the plaintiff to . . . comply with these rules or any order of court, a defendant may move for [an involuntary] dismissal of an action or of any claim against the defendant."

Whether to dismiss a claim for failure to obey an order compelling discovery is a matter for the Court's discretion. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether such a dismissal is appropriate:[2]

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990). "While the district court clearly has the authority to dismiss complaints, . . . this authority should be exercised with restraint and against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978).

Here, the record is unclear regarding Plaintiffs' personal responsibility for the failure to respond to Defendant's Interrogatories by the deadline set in Magistrate Judge VanDervort's Order. With regard to prejudice to Defendant, the Court notes that Plaintiffs filed their response to Defendant's Interrogatories more than two months prior to the Court's July 30, 2007 deadline for discovery. Thus, any prejudice suffered by Defendant appears to be minimal. And while the record in this case indicates a history of dilatory conduct on the part of Plaintiffs or Plaintiffs' counsel, the

---

[2] The standards for a Rule 37(b)(2)(C) dismissal and a Rule 41(b) dismissal for failure to obey an order to respond to discovery are "virtually the same[.]" *See Carter v. University of West Virginia System*, 1994 WL 192031, No. 93-1905, *2 (4th Cir. May 16, 1994).

Court **FINDS** that a less drastic sanction than dismissal is appropriate, given Plaintiffs' eventual response to Defendant's Interrogatories.

In reviewing the possible sanctions available under Rule 37, the Court **FINDS** that an award of attorney's fees and costs for the preparation of Defendant's Motion to Dismiss is appropriate and warranted in this circumstance. Therefore, the Court **GRANTS** Defendant's motion to the extent that it seeks less severe sanctions than dismissal, but **DENIES** Defendant's request for dismissal based on Plaintiffs' failure to comply with Magistrate Judge VanDervort's Order.

Accordingly, counsel for Defendant is **ORDERED** to submit an itemized statement of reasonable costs associated with bringing its Motion to Dismiss no later than ten days following the entry of this Order. Plaintiffs may respond to this statement by within three days after its filing, and if they wish, attempt to demonstrate to the Court why an award of fees and expenses incurred by Defendant in preparing its Motion to Dismiss would be unjust.

The Court notes that Magistrate Judge VanDervort has not entered a final order addressing Defendant's request for costs and fees associated with its Motion to Compel. Therefore, the Court **REFERS** the calculation of the total costs incurred by Defendant in preparing its Motion to Compel and its Motion to Dismiss to Magistrate Judge VanDervort. Magistrate Judge VanDervort should conduct a hearing to determine whether Plaintiffs' counsel, Plaintiffs individually, or both should pay the sanctions.

*B. Failure to Respond to Requests for Admission*

Pursuant to Fed. R. Civ. P. 36 and 56, Defendant also moves for summary judgment based on Plaintiffs' failure to respond to its Request for Admissions served on December 29, 2006. To the surprise of none, Plaintiffs have not responded to Defendant's Motion for Summary Judgment.

As noted above, the factual basis for Plaintiffs' claim is that the automobile driven by them on the date of their accident "was sold [to them] . . . by the defendant in a defective condition which made it unreasonably dangerous." (Am. Compl. ¶ 11.)  Defendant's Request for Admissions asked Plaintiffs to "Admit that you are unable to identify any defect in the [automobile] which allegedly caused damages and injuries sustained in the accident sequence which is the subject of your [claim.]"

Fed. R. Civ. P. 36, provides, in relevant part, that:

> [A] matter is admitted unless, within 30 days after service of the request . . ., the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.
> ***
> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and *admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (emphasis added).  Defendant argues that because Plaintiffs have, by operation of Rule 36, admitted that the automobile which is the basis of their claim was not defective, it is entitled to summary judgment.

It is well-settled in this District that "Admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Gardner v. Borden*, 110 F.R.D. 696, 697 (S.D.W. Va. 1986). Because Plaintiffs have admitted that they cannot identify a defect in the automobile they claim caused their injuries, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES** this action from the Court's Docket.

A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: August 6, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE